# IN RE: DAMIEN D.

[No. 632, September Term, 1981.]

*Decided January 6, 1982.*

The cause was argued before GILBERT, C. J., and MORTON and WEANT, JJ.

*Jayson L. Amster,* with whom was *Robert M. Price* on the brief, for appellant.

*Clarence W. Sharp, Assigned Public Defender,* for appellee Damien D. *Alan H. Murrell, Public Defender,* and *Martha Weisheit, Assistant Public Defender,* on the brief for appellee Vivian D.

GILBERT, C. J., delivered the opinion of the Court.

As a result of alleged child abuse on the part of his mother, custody of Damien D. was taken from her and vested in the Department of Social Services of Montgomery County. Approximately two years later, young Damien's aunt, Ms. T, petitioned the District Court of Maryland (Sixth District),

sitting as a Juvenile Court,[1] to intervene in the cause. The purpose of the intervention was to obtain custody of Damien.

Following a hearing on April 28, 1981, Judge Douglas H. Moore, "in the best interest of the minor child, Damien," denied the motion.

Ms. T has appealed.[2]

In this Court, Ms. T argues that Judge Moore should have allowed her to intervene "as a matter of law," and that he abused his discretion in not authorizing the intervention.

To support her contention that intervention should have been permitted as a matter of law, Ms. T relies upon Maryland District Rules 208 and 1 a 1 as well as Md. Rule D76 a.[3] The reliance is misplaced.

Md. Rules Chapter 900 is the exclusive rule relative to the juvenile courts of this State. It does not provide for the right of intervention in a juvenile proceeding.[4]

The Md. District Court Rules contain no reference whatsoever to juvenile causes, and they have no application to those proceedings.

Md. Rule 208, the sire of M.D.R. 208, is not applicable to juvenile cases. *See* Md. Rule 1 a 1, which provides in pertinent part: "The Rules in Chapters 100-600 do not apply to the proceedings dealt with in Chapters 700, 800, *900* and 1000." (Emphasis supplied.)

Md. Rule D76 a is concerned with adoption and guardianship. That Rule is not an addendum to Chapter 900 and does not pertain to juvenile causes.

---

1. In Montgomery County the District Court exercises juvenile jurisdiction. Courts Art. § 3-801 (i).

2. Notwithstanding the clear provision of Md. Rule 1097, the appellant's brief includes the child's surname.

3. Incorrectly identified in the brief of Ms. T as a Maryland District Rule.

4. *See generally* News-American v. State, 49 Md. App. 422, 431 A.2d 1387, *cert. granted,* 291 Md.      (1981).

Inasmuch as the Maryland Rules do not permit intervention in the juvenile court, it follows that Judge Moore did not abuse his discretion in refusing to authorize Ms. T to do what the law does not allow.

*Order denying intervention affirmed.*
*Costs to be paid by appellant.*